MORTON TRUST CO. v. METROPOLITAN ST. RY. CO. (two cases).

GUARANTY TRUST CO. v. SAME.

(Circuit Court, S. D. New York.   October 27, 1908.)

STREET RAILROADS (§ 58*)—INSOLVENCY AND RECEIVERS—CONTRACTS BY RECEIVERS.

Where a contract by a street railroad company letting the advertising space in its cars for a stated term was modified by receivers for the company with the approval of the court, on account of changed conditions, by which modification the receivers have received increased compensation, and the lessee has presumably made contracts in reliance thereon, it will not be set aside and the matter reopened against the objection of the lessee, unless for strong reasons shown.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity.
See, also, 161 Fed. 787.

Bronson Winthrop, for Morton Trust Co.
Davies, Stone & Auerbach, for Guaranty Trust Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge.   Some months ago this subject of advertising in street cars was examined into exhaustively by the receivers, and a hearing was had at which every one, including petitioner, was, fully heard.   The peculiar nature of the business was brought out, and after consideration the court reached the conclusion that, although it would not be wise to extend the term of the old contract with the advertising company, the receivers might properly agree to a modification which would relieve them from any obligation to furnish space in cars of the Third Avenue System, and would at the same time increase the compensation to be received for space in their own cars.   Such a contract of modification was approved in writing by the court, and no one sought to review that disposition of the matter.

During the long time that has since elapsed, the advertising company has paid to the receivers considerable sums it would not have been obligated to pay, except for the modification, and has presumably entered into contracts with third persons agreeing to secure them advertising space during the term originally specified.   To undertake now to reopen the whole matter would not be fair to that company. Moreover, nothing is now brought forward which was not before the court and fully considered when the memorandum of April 29th was filed.

Petition denied.